# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN KIRKBRIDE,<br>              Appellant, | DOCKET NUMBER<br>AT-0752-22-0475-B-1 |
|       v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>              Agency. | DATE:  June 11, 2026 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shane Robertson, Esquire, Dallas, Texas, for the appellant.

Dana Heck, Esquire, St. Petersburg, Florida, for the agency.

Teri Walker, Decatur, Georgia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which dismissed his appeal challenging the agency's cancellation of his promotion for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the remand initial decision, FIND

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

that the Board has jurisdiction over this appeal, and REVERSE the agency's cancellation of the appellant's promotion based on due process grounds.

## BACKGROUND

The appellant, who is a GS-11 Biomedical Equipment Support Specialist (BESS) in the agency's Facilities Management Service (FMS), was selected for a GS-12 Lead Biomedical Equipment Support Specialist (Lead BESS) position at the Orlando Veterans Affairs Healthcare System (VAHS). *Kirkbride v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-22-0475-I-1, Initial Appeal File (IAF), Tab 9 at 102, 127-28. After receiving notification that he had been selected, the appellant confirmed to the agency's Human Resources (HR) Specialist that he accepted the promotion and he received an official job offer from the agency with an effective date of November 7, 2021. *Id.* at 127-28; IAF, Tab 21 at 7-8, Tab 28-1, Hearing Recording Pt. 1 (HR-1) (testimony of the appellant). However, because several unsuccessful applicants for the Lead BESS position complained of unfair hiring practices, the Associate Medical Center Director directed the FMS Chief "to delay the effect[ive] date of the [appellant's] promotion action" pending the outcome of a fact-finding investigation. IAF, Tab 9 at 113, 116-17. Nonetheless, no one within the agency instructed the HR Specialist to delay the action, and he processed the promotion, and the appellant reported for duty as the Lead BESS on November 8, 2021. *Id.* at 97, 102; IAF, Tab 28-2, Hearing Recording Pt. 2 (testimony of the HR Specialist).

Subsequently, on January 13, 2022, the Associate Medical Center Director learned that the appellant had "received his promotion both in title and in pay" and directed the FMS Chief to "ensure that the promotion is set aside" and to inform the appellant that "the promotion was in error." IAF, Tab 9 at 95-96. The FMS Chief then issued the appellant a letter explaining that his promotion was processed in error and must be cancelled and advising him that he owed a debt to the agency for the overpayment of salary. *Id.* at 94. The HR Specialist

subsequently processed the cancellation of the appellant's promotion on or about January 24, 2022. *Id.* at 45; IAF, Tab 21 at 17-18.

The appellant filed a Board appeal challenging the agency's cancellation of his promotion and, after holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant did not prove that his promotion actually occurred or that he performed in the position prior to the cancellation. IAF, Tab 30, Initial Decision at 10-14. The appellant filed a petition for review, and on April 10, 2024, the Board issued a remand order, finding that the appellant made a prima facie case of jurisdiction because he proved that the promotion did actually occur and that he had performed in the position for over 2 months prior to the cancellation. *Kirkbride v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-22-0475-I-1, Remand Order, ¶ 16 (Apr. 10, 2024). The Board directed the administrative judge to determine whether the agency met its burden of production to show that the appellant's promotion was contrary to law or regulation, and if it made such a showing, to allow the appellant an opportunity to rebut the same. *Id.* After the parties briefed these issues, the administrative judge issued a remand initial decision dismissing the appeal for lack of jurisdiction, finding that the agency established that the appellant's promotion was an error contrary to law and that the appellant failed to rebut the same. *Kirkbride v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-22-0475-B-1, Remand File, Tab 8, Remand Initial Decision (RID) at 3-5.

The appellant has filed a petition for review of the remand initial decision, arguing, among other things, that, pursuant to cases such as *Simmons v. Department of Housing and Urban Development*, 120 M.S.P.R. 489 (2014), the agency's action is an appealable reduction in grade and pay because the alleged error that caused the cancellation of the appellant's promotion was not simply a correction of a pay-setting error. Remand Petition for Review (RPFR) File, Tab 3

at 13-16. The agency has filed a response to the petition for review, and the appellant has replied to the agency's response. RPFR File, Tabs 5, 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over the cancellation of a promotion or appointment, the appellant must show that (1) the promotion was approved by an authorized official aware that he or she was making the promotion or appointment; (2) the appellant took some action denoting acceptance of the promotion or appointment; and (3) the promotion or appointment was not revoked before the appellant performed in the position. *Simmons*, 120 M.S.P.R. 489, ¶ 4. As established, the appellant demonstrated that the promotion actually occurred and that he performed in the position for over 2 months prior to the agency's cancellation. Remand Order, ¶ 16. Further, it is undisputed that, by cancelling the promotion, the appellant suffered a reduction in grade and pay. IAF, Tab 9 at 45.

The Board generally has jurisdiction to review an appeal of a reduction of grade or pay. *Simmons*, 120 M.S.P.R. 489, ¶ 5. A reduction in grade or pay that is to correct a classification error or pay setting error that is contrary to law or regulation, however, is not appealable to the Board. *Id.*; 5 C.F.R. § 752.401(b)(15) (excluding from the list of appealable adverse actions under chapter 75 "[r]eduction of an employee's rate of basic pay from a rate that is contrary to law or regulation"). Here, the administrative judge found that the appellant's promotion was in error because the appellant's supervisor provided him with resume assistance in violation of 5 U.S.C. § 2302(b)(6). RID at 3-4. However, any error in this regard[2] does not divest the Board of jurisdiction over

---

[2] The appellant also argues that the agency did not prove that his supervisor's actions violated 5 U.S.C. § 2302(b)(6) because his supervisor was not involved in the hiring process, he provided only de minimis assistance to the appellant, and he did not intend to provide the appellant with an advantage over any other candidate. RPFR File, Tab 3 at 17-24. Because we otherwise find that the Board has jurisdiction over this appeal, we make no findings on the merits of the appellant's argument.

this appeal. The agency selected the appellant for a position that was properly graded as a GS-12 position, and the appellant performed GS-12 level work. IAF, Tab 9 at 102, 131-43; HR-1 (testimony of the appellant); IAF, Tab 28-4, Hearing Recording Pt. 4 (testimony of the appellant's first-line supervisor). Any error in promoting the appellant was in the hiring process, and the agency's action to correct such error by retroactively cancelling the appellant's promotion and placing him in a GS-11 position is an appealable reduction in grade and pay. This conclusion is consistent with the Board's holding in *Simmons*, finding that an employee suffered an appealable adverse action when the agency determined that it improperly used a noncompetitive hiring process to promote the employee and demoted her to her previous grade after she had been performing in the higher-graded position for months. *Simmons*, 120 M.S.P.R. 489, ¶¶ 2, 5. The Board found that the agency's action in *Simmons* was not simply the correction of an employee's rate of pay within the meaning of 5 C.F.R. § 752.401(b)(15) but involved an error in the hiring process. *Simmons*, 120 M.S.P.R. 489, ¶ 5. Accordingly, we find that the Board has jurisdiction over this appeal.

Before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide him with minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985). The essential requirements of due process are notice and an opportunity to respond. *Id.* at 546; *see* 5 U.S.C. § 7513(b). It is undisputed that the agency did not afford the appellant notice of the proposed action or an opportunity to respond. IAF, Tab 9 at 45, 94. A due process violation entitles an employee to a new and constitutionally correct proceeding, and the agency may not demote the appellant unless and until he is afforded such a proceeding. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 13 (2011). Accordingly, we reverse the agency's action.

**ORDER**

We ORDER the agency to restore the appellant to the Lead Biomedical Equipment Support Specialist position, GS-1601-12, effective November 7, 2021. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.